

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 21, 1948

Hon. Dennis Zimmermann
County Attorney
Swisher County
Tulia, Texas

Opinion No. V-749

Re: Authority of the Commis-
sioners' Court to fix
the salary of the Con-
stable at $1.00 per year
where other precinct of-
ficers are on a "fee
basis."

Dear Sir:

Your request for an opinion is as follows:

"The County Judge and Commissioners of this county have requested me to get your opinion on the following question:

"Chapter 381, H.B. No. 785, 50th Regular Session, provides that in fixing the salaries of county officials that 'no salary shall be set at a figure lower than that paid for the Calendar Year 1946.'

"Swisher County did not have any constable for 1946, 1947 or 1948. Hence no salary was paid in 1946 for a constable. However, at the recent election one got his name on the ticket without the county desiring or needing one, as we got along without this extra expense the past three years.

"Can the commissioners court fix the salary of this new elected constable at $1.00 a year, in view of the fact that there was no salary paid in 1946 to limit them to not less than that amount?"

H. B. 785, Acts of the 50th Legislature, is not applicable to salaries of precinct officers. See: Attorney General's Opinion No. V-329, enclosed.

Hon. Dennis Zimmermann, page 2 (V-749)

H. J. R. 36, of the 50th Legislature, recently adopted by the people, amended Article XVI, Section 61, of our State Constitution so as to place the constable, among other officers, on a salary basis beginning January 1, 1949.

In answer to our recent request for additional information you stated that the Commissioners' Court of Swisher County plans to pay the constable a salary of $1.00 per year beginning January 1, 1949, and compensate all other precinct officers on a "fee basis."

The minimum salary of a constable where the Commissioners' Court has placed all the precinct officers on a "salary basis" is not less than the total sum earned by such officer in his official capacity for the fiscal year 1935. Article 3912e, Secs. 15 and 17, V. C. S.

Article 3912e, Sec. 13, V. C. S. is only applicable to counties having a population of 20,000 inhabitants, or more, and less than 190,000 inhabitants. Articles 3883 and 3891, V. C. S. are applicable only to county or precinct officers who are compensated on a "fee basis."

At the present time there is no statutory provision fixing the salary of a constable in a county where the Commissioners' Court has placed the other precinct officers on a "fee basis." Therefore, until such time as the Legislature enacts some provision applicable to such officer, we must look solely to the provisions of Article XVI, Section 61, of our State Constitution, as amended, for the authority of the Commissioners' Court of those counties where the other precinct officers are compensated on a "fee basis" to pay the constable a salary. Article XVI, Sec. 61, as amended, provides, in part:

> "In all counties in this State, the Commissioners Courts shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis, with the exception that it shall be mandatory upon the Commissioners Courts, to compensate all constables, deputy constables and precinct law enforcement officers on a salary basis beginning January 1, 1949. . ."

Hon. Dennis Zimmermann, page 3 (V-749)

The above quoted Constitutional provision manifests a clear intention on the part of the framers of this Amendment that the Commissioners' Court of this State must pay all the constables a reasonable salary. Until such time as the Legislature fixes a minimum and a maximum to the salaries to be paid those constables in counties where the other precinct officers are compensated on a "fee basis", it is our opinion the amount of salary to be paid constables in such counties is left to the sound discretion of the Commissioners' Courts. Whether the Commissioners' Courts' fixing the salary of a constable at $1.00 a year would constitute an abuse of discretion in view of the provisions of Article V, Section 18, of our State Constitution, requiring at least four constables in each county, is a fact question depending upon the circumstances of each case.

SUMMARY

Beginning January 1, 1949, and until such time as the Legislature fixes a minimum and a maximum to the salaries to be paid those constables in counties where the precinct officers other than the constable are compensated on a "fee basis," the amount of salaries to be paid the constables in such counties is left to the sound discretion of the Commissioners' Courts.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
   John Reeves
   Assistant

JR:bh

APPROVED:

*Price Daniel*
ATTORNEY GENERAL